# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA SPANO,<br>      Plaintiff,<br><br>      v.<br><br>REVIVER FINANCIAL, LLC, and STEVEN BOOSKA,<br>      Defendants. | CV 18-7766 DSF (FFMx)<br><br>Order Compelling Arbitration and Staying Proceeding (Dkt. 17) |

Plaintiff Marta Spano brings this action against Reviver Financial, LLC (Reviver), and Steven Booska (together, Defendants). Dkt. 13, First Am. Compl. (FAC). Booska moves to dismiss the FAC pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the claims and parties are subject to a valid and binding arbitration agreement. Reviver joins the motion. Defendants alternatively move for an order staying this action pending arbitration. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion to compel arbitration[1] and to stay the case pending arbitration is GRANTED.

---

[1] The Court construes the motion as a motion to compel arbitration pursuant to § 4 of the Federal Arbitration Act (FAA). See 9 U.S.C. § 4; Figuerola Peruvians, L.L.C., v. N. Am. Peruvian Horse Assoc., No. CV 09-04511 MMM

## I. FACTUAL BACKGROUND

On July 21, 2017, Booska filed a complaint against Plaintiff in the Superior Court of California for the County of Los Angeles on behalf of his client Reviver (the State Court Complaint). In the State Court Complaint, Defendants claimed Plaintiff owed $4,303.12 to Reviver based on a promissory note between Plaintiff and CNU of California (the Promissory Note). The State Court Complaint alleged that the debt "sued upon is a credit card debt arising from account charges, pursuant to California Civil Code Section 1788.58(a)(2)." The State Court Complaint also alleged that prior to filing the lawsuit, Reviver acquired sole ownership of the debt at issue.

The Promissory Note contains the following arbitration provision:

> GOVERNING LAW, ASSIGNMENT and EXECUTION
>
> The laws of the State of California will govern this Loan Agreement. However, any dispute arising out of this Loan Agreement will be subject to the ARBITRATION PROVISION, which is governed by the Federal Arbitration Act ("FAA"). We may assign or transfer this Loan Agreement or any of our rights hereunder. If we approve this Loan Agreement, then you agree that this Loan Agreement will be binding and enforceable as to both parties.
>
> ARBITRATION PROVISION

---

(RZx), 2009 WL 10673941, at *4 (C.D. Cal. Dec. 18, 2009) (construing motion to dismiss under 12(b)(1) as a petition to compel arbitration under § 4 of the FAA and citing cases).

Arbitration is a process in which persons with a dispute(s): (a) agree to submit their dispute(s) to a neutral third person (an "arbitrator") for a decision; and (b) waive their rights to file a lawsuit in court to revolve their dispute(s). . . . THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:

**Scope**

For purposes of this Arbitration Provision the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to this Loan Agreement (including the Arbitration Provision), the information you gave us before entering into this Loan Agreement, including your application, and/or any past agreement or agreements between you and us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as

3

"related third parties"), including claims for money damages and/or equitable or injunctive relief; . . .

. . .

You acknowledge and agree that by entering into this Arbitration Provision:

1. (a) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A COURT OF LIMITED JURISDICTION (e.g. small claims court), RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; . . . .

. . .

**Process**

. . . . Regardless of who demands arbitration, you shall have the right to select either of the following arbitration organizations to administer the arbitration: the American Arbitration Association . . . or JAMS . . . . The parties to the dispute will be governed by the rules and procedures of the arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Loan Agreement, including the Arbitration Provision.

. . .

**Binding Effect**

This Arbitration Provision is binding upon and benefits you, your respective heirs, successors, and assigns. The Arbitration Provision is binding upon and benefits us,

> our successors and assigns, and related third
> parties. . . .

FAC, Ex. 2.

Plaintiff asserts a claim against Booska for violations of the FDCPA, and a claim against Reviver for violations of the Rosenthal Act.

## II.   DISCUSSION

The Federal Arbitration Act (FAA) "provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Id.  A district court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002)).  Even these gateway issues can be submitted to an arbitrator where there is clear and unmistakable evidence the parties so agreed.  Id. (citing AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

Plaintiff does not contest the existence of a contract containing a valid arbitration provision.  The Promissory Note's

5

arbitration provision provides that a "dispute" subject to its jurisdiction includes: "all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision." Id., Ex. 2. This is clear and unmistakable evidence of the parties' intent to arbitrate the scope of the arbitration agreement.

Plaintiff argues Defendants lack the right to compel arbitration because neither Defendant is a party to the Promissory Note. Defendants argue California's doctrine of collateral estoppel enables them to compel arbitration, because Plaintiff's federal claims expressly rely on the terms of the Promissory Note.

A non-signatory litigant "may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1128 (9th Cir. 2013) (citing Arthur Anderson LLP v. Carlisle, 556 U.S. 624, 632 (2009)).

Under California law, a plaintiff may not, "on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains the arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." Murphy v. DirecTV, Inc., 724 F.3d 1218, 1229 (9th Cir. 2013) (quoting Goldman v. KPMG, LLP, 173 Cal. App. 4th 209, 220 (2009)). A plaintiff is equitably estopped from avoiding arbitration when she "must rely on the terms of the [contract] in asserting [her] claims against [the defendant] or the claims are intimately founded in and intertwined with the [contract]." In re Henson, 869 F.3d 1052, 1060 (9th Cir. 2017) (applying California law).

Plaintiff alleges Defendants made a false claim of right to attorneys' fees in the underlying collection action based upon a term in the Promissory Note, and that the Promissory Note failed to make certain disclosures which are mandated under California law. Both Plaintiff's claims rely on the terms of the Promissory Note. Plaintiff is equitably estopped from avoiding arbitration as to her claims.

### III.   CONCLUSION

Pursuant to 9 U.S.C. § 3, the action is stayed pending the arbitrator's determination of whether Plaintiff's claims are arbitrable, and if they are, the resolution of the arbitration.

The parties are to file a joint status report every 120 days, with the first report due March 26, 2019. <u>Each report shall state on the caption page the date the next report is due.</u> The parties must advise the Court within 30 days of issuance of the final award.

IT IS SO ORDERED.

Date: November 26, 2018

_____
Dale S. Fischer
United States District Judge